# SUPERIOR COURT.

GUILD, Administrator of B. H. BENJAMIN, deceased, plaintiff and appellant agt. C. S. PARSONS, executor, and MARY TAY-LOR, executrix, &c., of WM. TAYLOR, deceased, defendants and respondents.

When an order is made, allowing an amended supplemental complaint to be served, and such a complaint is thereupon served, and the defendants appeal from such order, and also demur to such complaint, and the demurrer is sustained and such order reversed, and the plaintiff has appealed from the order sustaining such demurrer, the latter appeal necessarily falls by the reversal of the order allowing the amended supplemental complaint to be filed. Although an order will be entered on the application of the defendants, dismissing the appeal from the order sustaining such demurrer, the appeal will be dismissed without costs.

*Before* BOSWORTH, *Ch. J.,* HOFFMAN, SLOSSON *and* PIERRE-PONT, *Justices.*

THE defendants move to dismiss an appeal taken by the plaintiff from an order, (made on the 19th of June, 1858,) sustaining a demurrer to plaintiff's amended supplemental complaint. \

This amended supplemental complaint was served pursuant to an order made December 22d, 1856. The defendants appealed from that order, and demurred to the said complaint. Which of these two proceedings was first taken, does not appear on the papers on which the motion to dismiss was made. The order of the 22d of December, 1856, was reversed on the 26th of June, 1858, and a copy of the order of reversal was served on the 26th of July, 1858.

The plaintiff appealed from the order of the 19th of June, 1858, but whether before or after the 26th of June, is not shown on this motion. The defendants noticed that appeal for argument, for the October term, 1858, and placed the cause on the general term calendar, and now move on an

affidavit of these facts, and on notice to the plaintiff, to dismiss the appeal.

By the court—BOSWORTH, Chief Justice. The ground on which the dismissal of the appeal is moved, is this : The order allowing the amended supplemental complaint to be filed, has been reversed, and consequently, as it is now claimed, that complaint and all proceedings had thereon are out of the cause. Upon this view, which we regard as the correct view of the matter, there was no reason why the appeal should have been noticed for argument, after the order of the 22d of December, 1856, had been reversed. Such a notice was not essential in order to move to dismiss the appeal.

A dismissal of the appeal was not necessary for the defendant's protection. The appeal fell, when the supplemental complaint, the demurrer thereto, and the order deciding such demurrer, (which latter order is the one appealed from,) ceased to be proceedings in the action. They ceased to be proceedings in the action upon the reversal of the order of the 22d of December, 1856. In the notice of the motion to dismiss, it is stated that costs of the motion will be asked. The motion being unnecessary, and the appeal having been brought practically to an end, by proceedings taken by the appellants, and which have resulted in reversing the order allowing an amended supplemental complaint to be filed, they are clearly not entitled to the costs of this motion. No objection is made to the entry of an order dismissing the appeal. The order to be entered will, therefore, dismiss the appeal without costs.